# Exhibit A

SUM-100

# SUMMONS
# (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

OCT 20 2015

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SUK JA CHOI AND DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LUIS MARQUEZ,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California for the County of Los Angeles
111 N Hill St, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
15K12958

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Morse Mehrban; 15233 Ventura Blvd., Suite 304, Sherman Oaks, CA 91403; 424-274-1237

DATE: *(Fecha)* SHERRI R. CARTER Clerk, by *(Secretario)* Anabella Figueroa, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

OCT 20 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [x] by personal delivery on *(date):* 3/5/16



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Morse Mehrban (Bar No. 169082)
LAW OFFICES OF MORSE MEHRBAN, A.P.C.
15233 Ventura Boulevard, Suite 304
Sherman Oaks, California 91403
Telephone: 424-274-1237
Facsimile: 206-202-3834
Email: Morse@Mehrban.com

Attorney for Plaintiff,
LUIS MARQUEZ

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

OCT 20 2015

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE, LIMITED JURISDICTION

| | |
|---|---|
| LUIS MARQUEZ,<br>Plaintiff,<br>v.<br>SUK JA CHOI AND DOES 1-10,<br>Defendants. | Case No. 15K12958<br>[Prayer does not exceed $10,000]<br>**VERIFIED COMPLAINT FOR DAMAGES**<br>[ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5] |

**PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CIVIL CODE SECTION 51**

1. DOES 1-10 are sued pursuant to Code of Civil Procedure section 474.

2. At all times mentioned herein, SUK JA CHOI and DOES 1-10 ("Defendants") have been the owners of a parking lot at 2201 W. Washington Blvd., Los Angeles, CA 90018 serving a shopping center on that property.

3. At all times mentioned herein, LUIS MARQUEZ ("Plaintiff") could not walk and has been wheelchair-bound.

4. On May 13, 2014, Plaintiff experienced difficulty at said place of public accommodation. On that date, with the intent of patronizing said business establishment, Plaintiff wanted and attempted but was unable to park in said parking lot, because it lacked a van-accessible handicap parking spot, consisting of a handicap parking spot and adjacent access aisle, totaling at least 192 inches in width (hereinafter, "van-accessible handicap parking spot"). As a result, Plaintiff was unable to patronize the business establishment.

5. Plaintiff's van is equipped with a passenger-side wheelchair ramp that ejects and extends onto the ground so that Plaintiff can enter or exit the van. In order to enter or exit the van after deploying its ramp, Plaintiff requires the use of a van-accessible handicap parking spot. Without such a provision, there is nothing to prevent another vehicle from parking too close to Plaintiff's van, thereby making it impossible for Plaintiff to enter or exit the van. Even if another vehicle is not parked too close to the van for Plaintiff to exit, Plaintiff may be unable to reenter it if another vehicle parks too close to the van while Plaintiff is away. A van-accessible handicap parking spot alerts other drivers that they should not park too close to Plaintiff's van.

6. Removing said architectural barrier by restriping a portion of the parking lot to provide a van-accessible handicap parking spot would have been readily achievable (easily accomplishable and able to be carried out without much difficulty or expense). It would have cost Defendants less than $500 to do this.

7. By violating sections 4.1.2(5)(b), 4.6.3, and A4.6.3 of the *1991 Americans with Disabilities Act Standards for Accessible Design* at 28 C.F.R. Part 36, Appendix D; sections 502.2 and 502.3.1 of the *2004 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities* at 36 C.F.R. Part 1191, Appendix D; 42 U.S.C. § 12182; and 28 C.F.R. § 36.304(b)(18), Defendants violated Civil Code section 51.

8. Plaintiff is a high-frequency litigant. During the 12 months prior to the complaint's filing, Plaintiff filed 29 complaints alleging a construction-related accessibility claim. Plaintiff was in the geographic area of the place of public accommodation because he was applying for a job nearby. Plaintiff desired to access the place of public accommodation to purchase food at a restaurant in the shopping center.

**PRAYER**

Pursuant to Civil Code section 52, subdivision (a), Plaintiff prays for no less than $4,000 in damages, attorney's fees at the rate of no less than $400 per hour, costs, and prejudgment interest at the legal rate of seven percent per annum.

Dated: October 19, 2015

LAW OFFICES OF MORSE MEHRBAN, A.P.C.

By: ______________________________

Morse Mehrban
Attorney for Plaintiff,
LUIS MARQUEZ

I am a party to this action, and I have read the foregoing complaint and know its contents. The matters stated therein are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 2, 2015

LUIS MARQUEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

FILED
LOS ANGELES SUPERIOR COURT
OCT 0 5 2015
SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
BY C. CASAREZ, DEPUTY

In re Limited Civil Jurisdiction Cases Calendared in Department 77 (Non – Collections Cases)

Case No.:
AMENDED GENERAL ORDER

15K12958

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

1. PLAINTIFF(S) IS/ARE ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.

2. The Court sets the following trial date in this case in Department 77 (7th floor, Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS: 04/20/2016 TRIAL: 04/20/2017 OSC: 10/22/2018

TRIAL:

- Date: ______________________ at 8:30 a.m.

**SERVICE OF SUMMONS AND COMPLAINT**

3. The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint. This is not an appearance date. The trial date may be continued to a later date if service is not accomplished

within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (Code Civ. Proc., § 581, subd. (b)(4).) The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

______________________________

5. No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

**LAW AND MOTION**

6. All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Courts Reservation System (CRS). All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7. Tentative Rulings may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to **lacourt.org**, select "Civil Divisions," and then click on "Tentative Rulings."

**EX PARTE APPLICATIONS**

8. Ex parte applications must be noticed for 1:30 p.m. in Department 77. All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

**JURY FEES**

9. The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

**STIPULATION TO CONTINUE TRIAL**

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

**TRIAL**

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the parties shall bring with them to Department 77 all of the following:

i. A printed Joint Statement of the Case;

ii. Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC) see local rule 3.57;

iii. A printed Joint Witness List disclosing an offer of proof regarding each testimony, the time expected for testimony, and the need of an interpreter.

iv. Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v. Printed Joint Proposed Jury Instructions, and

vi. A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: October 5, 2015

Hon. Kevin C. Brazile
Judge of the Superior Court
Supervising Judge of Civil

DAL-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY: STATE: ZIP CODE:<br>TELEPHONE NO.: FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(name)*: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF:<br>DEFENDANT: | |
| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION** | CASE NUMBER: |

*(Information about this application and filing instructions may be obtained at* www.courts.ca.gov/selfhelp.htm.*)*

1. Defendant *(name)*: requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*:

a. ☐ **CASp-Inspected Site**

(1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

(2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

b. ☐ **New Construction**

(1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

(2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

(3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

c. ☐ **Small Business**

(1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);

(2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and

(3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.

(4) I am filing the following with the court along with this application *(The documents should be filed separately attached to a* Confidential Cover Sheet and Declaration *(form DAL-006).)*:

☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.



Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [Rev. January 1, 2016]

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION (Disability Access Litigation)**

Civil Code, § 55.54
*www.courts.ca.gov*

| PLAINTIFF: DEFENDANT: | CASE NUMBER: |
|---|---|

3. d. ☐ **Case Filed by High-Frequency Litigant**
   (1) ☐ Site is owned or occupied by a defendant that is a business;
   (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(6), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55; and
   (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

4. Defendant requests that the court
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule an early evaluation conference.
   c. Order defendant to
      (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or
      (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.
   d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.
   e. ☐ *(Check only if requesting a joint site inspection)* Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date:

_______________________________ (TYPE OR PRINT NAME OF DECLARANT)

▶ _______________________________ (SIGNATURE OF DECLARANT)

**DECLARATION OF DEFENDANT**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_______________________________ (TYPE OR PRINT NAME OF DECLARANT)

▶ _______________________________ (SIGNATURE OF DECLARANT)

ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified Access Specialist (CASp) inspection report for that site, or to a site where new construction or improvement was approved after January 1, 2008, by the local building permit and inspection process, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or with new construction after January 1, 2008), and, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the CASp report or building department approval of the new construction or improvement that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim, your liability for minimum statutory damages may be reduced to $1,000 for each offense, unless the violation was intentional, and if all construction-related accessibility violations giving rise to the claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil Procedure, asserting a construction-related accessibility claim, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you may also be entitled to a court stay and an early evaluation conference. If you choose to request a stay and early evaluation conference, you may also request to meet in person with the plaintiff and counsel for both parties, as well as experts if the parties so elect, at the subject premises no later than 30 days after issuance of the court order to jointly inspect the portions of the subject premises and review any conditions that are claimed to constitute a violation of a construction-related accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three years, or the existence of the business if less than three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria, you may also be entitled to the court stay and early evaluation conference and your minimum statutory damages for each claim may be reduced to $2,000 for each offense, unless the violation was intentional, and if all the alleged construction-related accessibility violations are corrected within 30 days of being served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take pictures and measurements or similar action to document the condition of the physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. Persons with visual impairments can get assistance in viewing this form through the Judicial Council Internet Web site at www.courts.ca.gov.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

YOU HAVE IMPORTANT LEGAL OBLIGATIONS. Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect at www.dgs.ca.gov. Information is also available from the California Commission on Disability Access at www.ccda.ca.gov/guide.htm.

YOU HAVE IMPORTANT LEGAL RIGHTS. The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present your explanation why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

ADDITIONAL THINGS YOU SHOULD KNOW:

ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA, 94105, Attention: Professional Competence.

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.